8/24/2017 6:31 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19072549
By: Lisa Thomas
Filed: 8/24/2017 6:31 PM

**2017-56933 / Court: 269**

CAUSE NO. _____

| | | |
|---|---|---|
| PATRICK and MARTHA G. CORBETT § | | IN THE DISTRICT COURT OF |
| *Plaintiffs,* § | | |
| § | | |
| vs. § | | |
| § | | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND § | | |
| PROPERTY INSURANCE § | | |
| COMPANY § | | |
| *Defendant.* § | | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS

Plaintiffs Patrick and Martha G. Corbett file this Original Petition and Initial Written Discovery Requests against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and allege the following:

### I. PARTIES

1. Plaintiffs Patrick and Martha G. Corbett are individuals who are citizens of the State of Texas. They reside in Harris County, Texas.

2. Defendant Allstate is an insurance company doing business in the State of Texas and may be served with process through its registered agent for service of process in the State of Texas, CT Corporation, via certified mail at 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

### II. DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

### III. JURISDICTION

4. This Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the Court's minimum jurisdictional limits. As of today, Plaintiffs seek relief over $100,000.00, but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.



5. This Court has personal jurisdiction over Allstate because Allstate is licensed to do business in Texas, and Plaintiffs' causes of action arise out of Allstate's wrongful business activities within Harris County, Texas.

### IV. VENUE

6. Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or omissions giving rise to the suit occurred in Harris County. Specifically, the loss at issue occurred in Harris County.

### V. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or occurred.

### VI. FACTS

8. The Corbetts are the named insureds under a property insurance policy issued by Allstate (the "Policy"). The Policy states that the location of the property insured is 20802 Bending Pines Ln., Spring, TX 77379 (the "Property"). The Policy expressly covers all accidental direct physical loss to the Property caused by a windstorm and makes clear that Allstate will pay to repair or replace parts of the Property damaged by a windstorm. The Policy has a $15,900 deductible. The Corbetts paid all required premiums to trigger coverage under the Policy.

9. On or about January 2, 2017, a windstorm accompanied by hail hit the Harris County area causing damage to the Property. The windstorm caused extensive damage to the Property, including substantial damage to the Property's roof.

10. All of this damage to the Property was covered by the express terms of the Policy. The Corbetts subsequently filed a claim with Allstate under the Policy and asked Allstate to cover all damage pursuant to the express terms of the Policy. Allstate assigned the claim number 0444737381.

**EXHIBIT 2**

11. Allstate assigned an adjuster to adjust the claim and instructed him to inspect the Property for storm damage. The adjuster conducted a substandard investigation and inspection of the Property. The adjuster was either improperly trained or intentionally ignored the damages that were present. Moreover the adjuster failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time. He spent an inadequate amount of time inspecting the Property's roof and either negligently or intentionally failed to document obvious damage on the entire roof caused by the windstorm with hail. As a result, the adjuster failed to note any damage to the roof whatsoever. Following the inadequate and unreasonable inspection, Allstate relied upon the adjuster's findings to deny the claim because "there was no physical or additional damage sustained in the loss." Accordingly, the Corbetts have not been able to make necessary repairs to restore their home, despite the existence of accidental and direct physical loss to the roof caused by the wind storm.

12. In truth, the entire roof suffered severe enough damage to require complete replacement and that damage was obviously present at the time he inspected it. The roof suffered wind damaged shingles throughout, countless hail impacts, and soft metal damage. In addition, the Property's gutters had wind and hail damage.

13. As indicated above, the actual damage to the Property is extensive. The entire roof must be replaced. Roof vents, caps, and pipe jacks must be replaced. The gutters need to be replaced.

### VII. COUNT 1 – BREACH OF CONTRACT

14. Defendant Allstate had a contract of insurance with the Corbetts, i.e., the Policy. The Policy expressly covered the Property damage described above. Allstate breached the terms of the contract by wrongfully denying the claim. As a direct result, the Corbetts were damaged because they lost the benefit of the bargain, namely that in return for premium payments, Allstate would pay

to repair the covered loss to the Property less any applicable deductible. Therefore, this breach has damaged the Corbetts by the amount needed to repair the Property less their deductible.

### VIII.    COUNT 2- TEXAS INSURANCE CODE VIOLATIONS

15.    Defendant Allstate is required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

16.    Defendant Allstate violated Texas Insurance Code § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. The damage to the Property was present when Allstate performed its inspection and the damage was clearly attributable to wind and hail. Thus, the damage was covered and Allstate's liability was reasonably clear during the initial and subsequent inspections. Rather than try to effectuate a prompt, fair and equitable settlement Allstate denied the Corbetts' claim. In doing so, Allstate wrongfully withheld the full amount of Policy benefits owed.

17.    Defendant Allstate violated Texas Insurance Code § 541.060(a)(7) by refusing to pay the claim without conducting a reasonable investigation of the claim. The inspection Allstate performed was outcome oriented. The damage was present and clearly a result of wind and hail. Yet, the adjuster missed identifying any damage whatsoever. Alternatively, the adjuster saw the damage and simply failed to acknowledge it as covered damage.

18.    Allstate's violations damaged the Corbetts by depriving them the amount needed to repair the Property less their deductible.

19.    Allstate knowingly committed the acts complained of, and as such, the Corbetts are entitled to exemplary and/or treble damages pursuant to the Texas Insurance Code § 541.152(a)-(b).

## IX.   COUNT 3—PROMPT PAYMENT OF CLAIMS STATUTE

20.   Allstate's failure to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code Article 542.051 *et seq.*

21.   As such, the Corbetts are entitled to an additional 18% interest on their claim for damages and attorneys' fees pursuant to Texas Insurance Code Article 542.060.

## X.   ATTORNEY FEES

22.   The Corbetts engaged the undersigned attorneys to prosecute this lawsuit against Allstate and agreed to pay reasonable attorney fees and expenses through trial and any appeal.

23.   The Corbetts are entitled to attorney fees under Texas Civil Practice and Remedies Code §§ 38.001-38.003. It provides them their reasonable and necessary attorneys' fees because they are represented by an attorney, presented the claim to Allstate and Allstate did not tender the amount owed within 30 days after they received the claim

24.   The Corbetts are also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

## XI.   REQUESTS FOR DISCLOSURE & DISCOVERY

25.   Plaintiffs request the defendant to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.

26.   In addition, the defendant is requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days.

## XII.   PRAYER

27.   For these reasons, the Corbetts ask for judgment against Allstate for the following:

    a.   Actual damages for the amount owed under the Policy;

5

    b. Pre-judgment and post-judgment interest;

    c. Interest amounts owed under the Texas Insurance Code's Prompt Payment of Claims provisions;

    d. All additional amounts owed under the Texas Insurance Code's Unfair Settlement Practices section, including the exemplary and/or treble damages;

    e. Reasonable attorney fees;

    f. Court costs and

    g. All other relief the Court deems appropriate.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
Sean H. McCarthy
Texas Bar No. 24065706
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: smccarthy@williamskherkher.com

**ATTORNEY FOR PLAINTIFFS
PATRICK and MARTHA G. CORBETT**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through their attorneys of record, Sean H. McCarthy, Williams Kherkher Hart Boundas, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Kherkher Hart Boundas, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.  You know the response made was incorrect or incomplete when made; or

b.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: /s/ Sean H. McCarthy
Sean H. McCarthy
State Bar No. 24065706
Email: smccarthy@williamskherkher.com
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

ATTORNEY FOR PLAINTIFFS
PATRICK and MARTHA G. CORBETT

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ Sean H. McCarthy
Sean H. McCarthy

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D. The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E. "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F. If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1. Identify the document's title and general subject matter;
    2. State its date;
    3. Identify all persons who participated in its preparation;
    4. Identify the persons for whom it was prepared or to whom it was sent;
    5. State the nature of the privilege claimed; and
    6. State in detail each and every fact upon which you base your claim for privilege.

G. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H. "Property" means the property defined in the Petition.

I. "Policy" means the insurance policy identified in the Petition.

J. The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L. In each instance where you are asked to identify a document, state with respect to each document:

1. The type of document;
2. The general subject matter of the document;
3. The date of the document;
4. The names and addresses of the authors and recipients of the document;
5. The location of the document;
6. The identity of the person who has possession or control of the document;
7. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## INTERROGATORIES TO DEFENDANT

1. Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant Allstate (Claim Number 0444737381) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

   **ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1. The following insurance documents issued for the Property as identified in the Petition:

   a. the Policy at issue for the date of loss as identified in the Petition; and
   b. the Policy declarations page for the 3 years preceding the storm.

   **RESPONSE:**

2. The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim (0444737381) that made the basis of the lawsuit. Please produce ESI in the same format in which it was maintained in the ordinary course of business. This request encompasses all documents and ESI comprising the entire claim file that is in Defendant's possession, custody, and/or control. **Please note this request seeks production of the original claim file.**

   **RESPONSE:**

3. All documents relating to the condition of the Property or damages of the Property.

   **RESPONSE:**

4. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

   **RESPONSE:**

5. All documents evidencing the policies, procedures, guidelines, or best practices that defendant requires its employees, agents, or contractors to follow when adjusting the type of claim here, i.e., wind and hail property damage.

   **RESPONSE:**

6. All documents relating to the condition of the Property prior to the January 2, 2017 date of loss, including but not limited to any prior underwriting or renewal inspections.

   **RESPONSE:**

7. All organization charts, diagrams, lists, and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

   **RESPONSE:**

8. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

   **RESPONSE:**

9. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

   **RESPONSE:**

10. To the extent Defendant answers to the Plaintiffs' First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.

    **RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.** Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 0444737381 within the deadlines proscribed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit that Defendant should assist its policyholders with their insurance claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit that Defendant should treat its policyholders interests equal to their own.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6.** Admit that Defendant performed an inspection of the Property before issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7.** Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 8.** Admit that Defendant did not inspect the Property prior to issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9.** Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 10**. Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the January 2, 2017 claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12**. Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the January 2, 2017 claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13**. Admit that Defendant did inspect the Property prior to January 2, 2017.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14**. Admit that Defendant did not inspect the Property prior to January 2, 2017.

RESPONSE: