UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK CORBETT, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> ALLSTATE VEHICLE AND PROPERTY § <br> INSURANCE COMPANY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:17-CV-03368 |

## ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. #8) and Plaintiffs' Response (Doc. #11). After considering the parties' arguments and the applicable legal authority, the Court denies Defendant's Motion to Dismiss.

Defendant Allstate ("Allstate") argues this case should be dismissed without prejudice for lack of subject matter jurisdiction because Plaintiffs failed to submit a signed and sworn proof of loss ("POL") which it contends is a condition precedent to filing suit. According to the insurance policy the POL must be submitted 91 days before the insured can file a lawsuit. Plaintiffs argue that because Allstate has not shown how it is prejudiced by the filing of this lawsuit that the Motion to Dismiss should be denied. Federal district courts in Texas have analyzed this same policy provision concerning the insured's responsibility to file a POL and found that Texas's notice-prejudice rule applies. *See e.g. Lopez v. Allstate Vehicle & Prop. Ins Co.*, Civ. A. No. 4:17-cv-103, 2017 WL 1294453 at *4 (E.D. Tex. April 4, 2017) (holding that Allstate's "proof of loss clause does not apply to coverage disputes, and that even if it did apply . . . Allstate has not shown that it was prejudiced by Plaintiffs' failure to comply"). Under Texas's notice-prejudice rule, the insurer must be able to show prejudice caused by the insured's failure to comply with

the contract regardless of whether the term at issue is a covenant, condition precedent, exclusion, or provision. *Id.* at *3 (citing *PAJ, Inc. v. Hanover Ins.*, 243 S.W.3d 630, 635 (Tex. 2008)).

Here, Allstate inspected Plaintiffs' reported property damage and subsequently denied Plaintiffs' insurance claim. Doc. #1, Ex. 2 at ¶ 11; Doc. #8 at 8. The purpose of requiring a sworn POL is to enable the insurer "to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Ins. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). Allstate fails to show how it is prejudiced by Plaintiffs' choice to file this lawsuit instead of submitting a POL after Plaintiffs were denied coverage of their claim. Accordingly, Allstate's Motion to Dismiss is DENIED.

It is so ORDERED.

SEP 1 1 2018
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge